IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-578-BR

| | | |
|---|---|---|
| GILMORE'S FARM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| HERC RENTALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss, (DE # 5), to which plaintiff filed a response in opposition, (DE # 14), and defendant filed a reply, (DE # 16). This motion is ripe for disposition.

## I. BACKGROUND

In May 2019, Homes by Phoenix ("Homes") and Skyline Development Corporation ("Skyline") purchased land for the development of a subdivision known as the North Creek Meadows Project. (Am. Compl., DE # 1-5, at 1.) Wellons Construction, Inc. ("Wellons") was hired as the general contractor on the project. (Id.) Plaintiff contracted with Wellons to clear land for the development. (Id. at 2.) In March 2020, plaintiff rented an excavator from defendant. (Id. at 2.) The rental agreement between plaintiff and defendant contained a Rental Protection Program, (id.; see also Mem. Supp., DE # 6, at 2), which, according to plaintiff, limited its liability in the event of loss or damage to the equipment, (Am. Compl., DE # 1-5, at 2).

On 2 April 2020, the excavator allegedly "burst into flames." (Id.) On 24 June 2020, defendant issued an invoice to plaintiff for $109,556.39, representing the total cost of the excavator and the outstanding rental costs. (Id. at 2, 4; Mem. Supp., DE # 6, at 3.) On 25

August 2020, defendant filed a lien against plaintiff, Wellons, Homes, and Skyline covering the entire North Creek Meadows Project. (Am. Compl., DE # 1-5, at 2.) On 2 October 2020, plaintiff filed suit in Johnston County, North Carolina alleging claims for breach of contract, violation of the Unfair and Deceptive Trade Practices Act ("UDTPA"), and negligence. (See Removal, DE # 1, at 1.) That same day, defendant cancelled the lien. (Am. Compl., DE # 1-5, at 3.) Defendant removed the action to this court and moved to dismiss the amended complaint on 3 November 2020.

## II. DISCUSSION

A 12(b)(6) motion to dismiss tests the sufficiency of a complaint. SD3, LLC v. Black & Decker (U.S.), Inc., 801 F.3d 412, 441 (4th Cir. 2015) (citation omitted). "'[I]mportantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). Thus,

> a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.

Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." DIRECTV, Inc. v. Breedlove, No. 5:02-CV-679, 2003 U.S. Dist. LEXIS 24694, at *6 (E.D.N.C. Mar. 16, 2003) (quoting Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989)).

"The Court must consider 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not.'" Diagnostic Devices, Inc. v. Pharma Supply, Inc., No.

2

3:08-CV-149-RJC-DCK, 2009 U.S. Dist. LEXIS 85397, at *13–14 (W.D.N.C. May 11, 2009) (quoting S.N.R. Management, 659 S.E.2d at 448).

> Legal labels characterizing a claim cannot, standing alone, determine whether it fails to meet [the 12(b)(6)] standard. Even where such a label reflects a flat misapprehension by counsel respecting a claim's legal basis, dismissal on that ground alone is not warranted so long as any needed correction of legal theory will not prejudice the opposing party. All that is required is that the pleaded claim afford the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.

Watkins v. Bermuda Run CC, LLC, No. 1:17CV512, 2018 U.S. Dist. LEXIS 6087, at *8 (M.D.N.C. Jan. 12, 2018) (quoting Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995)).

**A. Breach of Contract**

Defendant contends plaintiff's breach of contract claim contains no claim for relief and fails to mention damages. (Mem. Supp., DE # 6, at 6.) Defendant contends, at best, plaintiff's first claim seeks a declaratory judgment regarding defendant's lien rights but does not allege an existing controversy, because the lien at issue has been cancelled. (Id. at 8.) In response, plaintiff asserts its "first cause of action does not seek . . . to determine the validity of the lien in question. Rather, [p]laintiff asserts that [d]efendant's failure to conform to the rental agreement and the protections contained therein was a breach for which [p]laintiff has suffered damages." (Resp. Opp'n, DE # 14, at 2–3.)

To prevail on a breach of contract claim, plaintiff must show: "'(1) existence of a valid contract; and (2) breach of the terms of that contract.'" Howe v. Links Club Condo. Ass'n, 823 S.E.2d 439, 448 (N.C. Ct. App. 2018) (quoting Poor v. Hill, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000)); see also Sports Med Props., LLC v. Talib, No. 3:19-cv-00082-FDW-DSC, 2019 U.S. Dist. LEXIS 124695, at *7 (W.D.N.C. July 26, 2019) (to survive a motion to dismiss, plaintiff must allege facts showing how the contractual provision was violated). Here, plaintiff pled it

3

entered into a contract with defendant on 10 March 2020. (Am. Compl., DE # 1-5, at 2.) Plaintiff alleges that a provision of that contract limited its liability for repairs or replacement to the lesser of $500 per item or 10% of the repair or replacement costs. (Id. at 4.) Finally, plaintiff alleges that defendant breached this agreement by seeking payment, and filing a lien, for the total cost of the equipment. (Id.) Thus, accepting those facts as true and drawing all reasonable factual inferences in plaintiff's favor, plaintiff has stated a claim for breach of contract.

**B. Unfair and Deceptive Trade Practices**

Defendant contends plaintiff's UDTPA claim "[a]t best, . . . assert[s] an intentional breach of contract that falls short of supporting a claim for unfair and deceptive practices." (Mem. Supp., DE # 6, at 10.) Defendant further argues, the allegations regarding the now-dismissed lien are based on an incorrect interpretation of statutory lien law and cannot form the basis for a UDTPA claim. Finally, defendant argues plaintiff has failed to allege "facts supporting allegations of damages." (Id. at 14.) Thus, defendant contends, it is "left entirely to speculate as to what damages the plaintiff has suffered," and what it may have done to avoid those damages. (Id. at 16.) Plaintiff contends its properly alleged an aggravating factor—the filing of the lien—beyond mere intentional breach of contract. (Resp. Opp'n, DE # 14, at 3.) Plaintiff also asserts it is of no issue that the lien is no longer in effect, because it was the filing of the lien which constituted an aggravating circumstance.

A claim for unfair or deceptive trade practices requires a plaintiff to show:

> (1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or to his business. A practice is deceptive if it has the capacity or tendency to deceive the average consumer, but proof of actual deception is not required. The plaintiff need not show fraud, bad faith, deliberate acts of deception or actual deception, but must show that the acts had a tendency or capacity to mislead or created the likelihood of deception.

4

Spartan Leasing Inc. v. Pollard, 400 S.E.2d 476, 482 (N.C. Ct. App. 1991) (internal quotation marks and citations omitted). "Whether the practice is unfair depends upon the facts of each case and the impact the practice has in the marketplace." Id. (citation omitted). However, "a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [the UDTPA,] N.C.G.S. § 75-1.1." Branch Banking & Trust Co. v. Thompson, 418 S.E.2d 694, 700 (N.C. Ct. App. 1992). Thus, "'a plaintiff must show substantial aggravating circumstances attending the breach to recover under the Act . . . .'" Id. (quoting Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989)).

Plaintiff's amended complaint alleges defendant disregarded the rental protection terms of the contract and wrongfully filed a lien for $109,556.39 on funds owed to plaintiff. (Am. Compl., DE # 1-5, at 4–5.) Plaintiff contends this amount is more than it was contractually obligated to pay. (See id. at 2, 5.) Plaintiff alleges defendant knew or should have known the filing of the lien in that amount was improper under N.C. Gen. Stat. § 14-118.6. (Id. at 5); see also N.C. Gen. Stat. § 14-118.6 (deeming it unlawful to present a false, fictitious, or fraudulent lien for filing). Thus, even assuming defendant was statutorily entitled to file a lien as a third-tier contractor (which plaintiff disputes), the question remains whether it was contractually entitled to the proceeds on which it filed the lien. As such, plaintiff has alleged an aggravating circumstance—the filing of a lien—beyond the mere breach of disregarding the rental agreement terms. Based on the facts pled, plaintiff also alleges defendant's conduct—the wrongful filing of the lien—resulted in substantial damages.

Therefore, drawing all reasonable factual inferences in favor of plaintiff, it has stated a claim for violation of the UDTPA sufficient to survive defendant's motion dismiss.

**C. Negligence**

Defendant contends plaintiff's negligence claim is barred by the economic loss rule, because "the only duty reasonably inferable from the allegations of the [a]mended [c]omplaint would be ones arising out of the [r]ental [a]greement." (Mem. Supp., DE # 6, at 13.) Defendant also contends plaintiff has failed to properly allege damages or proximate cause. (Id. at 15.)

The economic loss rule "'prohibits recovery for purely economic loss in tort when a contract . . . operates to allocate risk.'" Severn Peanut Co., Inc. v. Indus. Fumigant Co., 807 F.3d 88, 94 (4th Cir. 2015) (quoting Kelly v. Georgia, Pac. LLC, 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009)). Thus, "[o]rdinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor." Ellis v. Louisiana-Pacific Corp., 699 F.3d 778, 782 (4th Cir. 2012) (citation omitted). "'It is the law of contract, not tort law, 'which defines the obligations and remedies of the parties in such a situation.'" Legacy Data Access, Inc. v. Cadrillion, LLC, 889 F.3d 158, 164 (4th Cir. 2018) (quoting Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 346 (4th Cir. 1998)). Accordingly, tort claims are limited to those "which are identifiable and distinct from the primary breach of contract claim." Id. (internal quotation marks omitted); see also Strum v. Exxon Co., U.S.A., 15 F.3d 327, 333 (4th Cir. 1994) (noting it is "unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations").

Here, plaintiff alleges defendant failed to properly maintain, failed to properly inspect, and otherwise rented faulty or abnormally dangerous equipment. (Am. Compl., DE # 1-5, at 6.) It alleges the equipment it rented in order to complete a job, burst into flames while in use, and that it suffered damages as a result of the defendant's actions. (Id.) As defendant notes, the only duty it may have had to provide working equipment arose out of the rental agreement. As such,

it is the law of contract and not tort, which governs the parties' rights and remedies. Plaintiff's negligence claim will be dismissed under the economic loss rule. However, viewing the complaint as a whole, and in the light most favorable to the plaintiff, it is clear the complaint puts defendant on fair notice of the nature and basis of the claims at issue. See Watkins, 2018 U.S. Dist. LEXIS 6087, at *8–9 (allowing claim to proceed as a "battery" although pled as an "assault"); Labram, 43 F.3d at 920 (holding the district court incorrectly dismissed a claim where plaintiff labeled it as one for "sexual molestation" but pled a claim for battery). Thus, the court will disregard plaintiff's labels and allow its negligence allegations to proceed under a breach of contract theory.

### III. CONCLUSION

Defendant's motion to dismiss, (DE # 5), is DENIED.

This 27 September 2021.

_____
W. Earl Britt
Senior U.S. District Judge

7

Case 5:20-cv-00578-BR   Document 47   Filed 09/27/21   Page 7 of 7