IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-578-BR

| | |
|---|---|
| GILMORE'S FARM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HERC RENTALS, INC., | )     O R D E R |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASIA EXCAVATING SERVICE, INC., et al., | ) |
| | ) |
| Third-Party Defendants. | ) |

This matter is before the court on Plaintiff Gilmore Farm Inc.'s motion to modify the scheduling order and to inspect equipment, [DE-48], and Defendant Herc Rentals, Inc.'s motion for a protective order, [DE-50]. Responsive briefing is complete, [DE-52, -53], and the motions are ripe for decision. For the reasons that follow, the motion to modify the scheduling order and to inspect equipment is denied and the motion for protective order is allowed.

## I. BACKGROUND

This action, asserting claims for breach of contract, unfair and deceptive trade practices, and negligence after a piece of equipment Gilmore's Farm rented from Herc Rentals caught fire, was removed to this court on November 3, 2020. [DE-1]. Following removal, Herc Rentals filed a motion to dismiss, [DE-5], which the court subsequently denied, [DE-47], and a third-party complaint, [DE-8]. On January 29, 2021, the parties filed an amended status report on scheduling that set forth a two-phased discovery plan to allow for early mediation, [DE-20], and the court

subsequently entered a scheduling order setting, among other things, a March 1, 2021 deadline to inspect the damaged equipment, [DE-21]. Herc Rentals filed a First Amended Third-Party Complaint, [DE-23], and a Second Amended Third-Party Complaint, [DE-32], but later dismissed all claims against third-party defendant Komatsu America Corp., [DE-42]. The parties engaged in mediation on August 16, 2021, which resulted in an impasse, [DE-43], and they subsequently filed a supplemental phase two discovery plan, [DE-45]. The court entered its Phase II Scheduling Order on September 20, 2021, which approved the parties' plan and set, among other things, expert witness deadlines. [DE-46]. On October 7, 2021, Gilmore's Farm filed the instant motion to modify the court's scheduling order to allow it to inspect the equipment at issue in this case and to extend expert deadlines. [DE-48]. Herc Rentals opposes Gilmore's Farm's motion and sought a protective order prohibiting both the equipment inspection and the disclosure of an expert witness by Gilmore's Farm. [DE-50].

## II. DISCUSSION

Plaintiff's request to inspect the equipment and to disclose an expert requires amendment of the scheduling order. Under Fed. R. Civ. P. 16(b)(4), an amendment to a scheduling order requires a showing of "good cause" and leave of court. *See* Fed. R. Civ. P. 16(b)(4). The good cause standard does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Franklin Livestock, Inc. v. Boehringer Ingelheim Vetmedica, Inc.*, No. 5:15-CV-63-BO, 2016 WL 7613690, at *2 (E.D.N.C. Sept. 26, 2016). However, here the inspection deadline sought to be extended has already run and, thus, the more specific requirements of Fed. R. Civ. P. 6(b)(1)(B) applies. *See Colony Apts. v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 222–24 (4th Cir. 2006). Rule 6(b)(1)(B) provides in pertinent part

2

that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *See also Harrison v. City of Greenville*, No. 4:15-CV-17-BO, 2016 WL 4523901, at *3 (E.D.N.C. Aug. 22, 2016) ("A finding of excusable neglect is required in order to extend the time for filing where a motion to do so has been filed beyond the prescribed period." (citing Fed. R. Civ. P. 6(b)(1)(B))).

Whether neglect is excusable is "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission[.]" *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (quoting *Pioneer Invs. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Id.* at 534. "In determining whether a party has shown excusable neglect, a court will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Colony*, 197 Fed. App'x at 223 (citing *Thompson*, 76 F.3d at 533). The most important factor is the reason for the delay, but merely establishing these factors does not entitle the moving party to relief. *Id.* Instead, "whether to grant an enlargement of time still remains committed to the sound discretion of the district court." *Id.* Furthermore, a court for good cause may issue a protective order forbidding or limiting the scope of disclosure or discovery into certain matters. Fed. R. Civ. P. 26(c)(1)(A), (D).

Plaintiff asserts that it refrained from retaining an expert to inspect the equipment because it was optimistic to resolve the case at early mediation and avoid protracted litigation costs. Pl.'s Mot. [DE-48] at 1. Plaintiff claims that during mediation it became apparent that the retention of

3

an expert was vital to resolving the case at trial or otherwise, but that Defendant has denied Plaintiff and its expert access to the equipment for purposes of inspection. *Id.* Finally, Plaintiff asserts that Defendant will not be prejudiced by Plaintiff's expert inspecting the equipment and the time for discovery has not expired. *Id.*

Defendant opposes the motion and seeks a protective order prohibiting the inspection and preventing Plaintiff from engaging an expert. Def.'s Mem. [DE-51]; Def.'s Resp. [DE-53]. Defendant asserts it relied on Plaintiff's representation that Plaintiff would not inspect the equipment or hire an expert when Defendant performed its own destructive testing of the equipment, agreed to the proposed bifurcated discovery plan, conducted discovery, and participated in mediation. Def.'s Resp. [DE-53] at 4. Defendant contends Plaintiff's change in strategy is not good cause to alter the scheduling order, and Defendant would be prejudiced by allowing Plaintiff's inspection and retention of an expert at this late stage because Defendant would have to reinspect the equipment, which has been exposed to the elements for eight months since Defendant conducted destructive testing. *Id.* at 3.

The court finds that Plaintiff has failed to demonstrate excusable neglect to reopen the inspection deadline or good cause to extend the expert deadline. The parties' amended status report, filed on January 29, 2021, belies Plaintiff's assertion that it did not ascertain the vital importance of inspecting the equipment until after mediation. The report indicated that Plaintiff believed an equipment malfunction may be the cause of damage to the equipment, the equipment was being preserved for inspection, the parties were in the process of engaging experts to inspect the equipment that was likely to be destructive, and the parties believed a two-phased discovery plan would allow for destructive testing, the addition of further parties if necessary, and early

4

mediation prior to extensive discovery or motions practice. Am. Status Rpt. [DE-20] at 2–3. The court adopted the parties' proposed plan and set an inspection deadline of March 1, 2021. [DE-21]. However, Plaintiff inexplicably opted not to retain an expert to inspect the equipment within the time allowed by the court, Def.'s Mem. [DE-51] at 2–3, and the case did not settle at the August 16, 2021 mediation, [DE-43]. The parties' Supplemental Phase II Discovery Plan did not reference inspection of the equipment and proposed an October 29, 2021 deadline for expert designations, [DE-45], which the court adopted in its Phase II Scheduling Order entered on September 20, 2021, [DE-46].

On October 7, 2021, Plaintiff filed the instant motion to inspect the equipment and to designate an expert. [DE-49]. Plaintiff states in its motion that the time for discovery has not expired, but the deadline to inspect the equipment expired on March 1, 2021, seven months before Plaintiff filed its motion, and Phase I discovery ended on April 30, 2021, leaving only expert disclosures, depositions of fact and expert witnesses, and the filing of dispositive motions to be completed. [DE-21, -46]. Plaintiff agreed to a plan for early discovery on critical case issues, including destructive testing of the equipment; changed course and failed to retain an expert to conduct said testing; and now seeks to change strategy yet again after the case failed to settle at mediation. Allowing such gamesmanship would prejudice Defendant who relied on Plaintiff's agreement to the proposed discovery plan and the court's scheduling order in formulating its own litigation strategy. If the court allowed Plaintiff to now inspect the equipment, Defendant would reasonably want its own expert to be present and to reinspect the equipment, which is presumably in a different condition after being exposed to the elements for eight months since Defendant's expert last inspected it.

5

"[S]trategic decisions must typically be made within the deadlines set forth in the scheduling order to avoid prejudicing the opposing party or delaying the case." *Surratt v. Pinnacle Mining Co., LLC*, No. 5:15-CV-15444, 2016 WL 6404056, at *2 (S.D.W. Va. Oct. 26, 2016) (denying motion to amend the complaint filed after the deadline for failure to show diligence or good cause under Rule 16(b)). Nothing prevented Plaintiff from retaining an expert to inspect the equipment in conformity with the discovery plan and the court's scheduling order. A change in strategy—based not on new information but solely on a failure of the old strategy to result in a settlement—is insufficient to demonstrate excusable neglect to extend the inspection deadline or good cause to extend the expert disclosure deadline in light of the prejudice it would cause Defendant. *See Snyder v. Fleetwood RV, Inc.*, No. 2:13-CV-1019, 2016 WL 339972, at *9 (S.D. Ohio Jan. 28, 2016) (denying untimely motion for leave to disclose expert witnesses where it appeared the timing of the motion may have been due to plaintiff's new counsel's strategic decision to pursue expert testimony despite the fact that her former counsel opted not to do so, and finding "a change in strategy is an insufficient basis for granting leave where doing so would cause defendants to suffer prejudice."); *see also Chrisley v. Dan Ryan Builders Mid-Atl., LLC*, No. 5:18CV00056, 2020 WL 1066341, at *3 (W.D. Va. Mar. 5, 2020) (denying motion to amend a third party complaint after the deadline had passed and finding a "party's mere change in strategy, however, does not show diligence or good cause"). Accordingly, Plaintiff's motion to modify the scheduling order and to inspect the equipment is denied, and the court finds good cause to allow Defendant's motion for protective order to prohibit Plaintiff's inspection of the equipment and disclosure of an expert.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for inspection and to modify the scheduling order is DENIED and Defendant's motion for protective order is ALLOWED.

So ordered, this 5th day of November 2021.

Robert B. Jones, Jr.
United States Magistrate Judge

7