IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-578-BR

| | |
|---|---|
| GILMORE'S FARM, INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| HERC RENTALS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| ASIA EXCAVATING SERVICE, INC., et al., | |
| Third-Party Defendants. | |

ORDER

This matter comes before the court on Defendant Herc Rentals, Inc.'s motion to compel responses to interrogatories and requests for production from Gilmore's Farm, Inc., Don Gilmore, Leticia Gilmore, and Billy J. Freeman (collectively, "Respondents"). [DE-56]. No response to the motion was filed. For the reasons set forth below, Herc's motion to compel is allowed.

### I. BACKGROUND

This action, asserting claims for breach of contract, unfair and deceptive trade practices, and negligence after a piece of equipment Gilmore's Farm rented from Herc Rentals caught fire, was removed to this court on November 3, 2020. [DE-1]. Following removal, Herc Rentals filed a motion to dismiss, [DE-5], which the court subsequently denied, [DE-47], and a third-party complaint, [DE-8]. Herc Rentals filed a First Amended Third-Party Complaint, [DE-23], and a

1

Second Amended Third-Party Complaint, [DE-32], but later dismissed all claims against third-party defendant Komatsu America Corp., [DE-42].

On December 7, 2021, Herc filed the instant motion to compel, [DE-56], and Respondents' counsel filed a motion to withdraw, [DE-55], followed by an amended motion to withdraw, [DE-58]. The court allowed counsel to withdraw, ordered the individual parties to obtain new counsel or to file a notice of self-representation within 21 days, ordered the entity parties to obtain new counsel within 21 days, and extended Respondents' deadline to respond to the motion to compel to January 18, 2022. [DE-59]. To date Respondents have failed to comply with the court's order and have not responded to the motion to compel.

## II. DISCUSSION

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26–37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery,

2

relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir. 1992).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

Herc served discovery requests on Respondents on or about February 8, 2021, which included interrogatories and requests for production seeking documents, evidence, and

3

communications (e.g., e-mails, texts, photographs, call logs, etc.) relating to events leading up to, during, and after the equipment fire on April 2, 2020. Def.'s Mem. [DE-57] at 2 & Ex. A [DE-57-1]. Respondents all provided responses to the discovery requests, lodging only one objection on the basis of privilege, and indicated all non-privileged documents would be provided. *Id.* at 2–3. However, during Respondents' depositions they each admitted to not having searched for certain requested documents. *Id.* at 3. Specifically, Billy Freeman stated he had not searched for responsive text messages despite the fact that he texted Don Gilmore photographs, Leticia Gilmore stated she had not searched her business emails to see if she had any responsive documents related to the incident at issue, and Don Gilmore stated he had not searched his business emails or text messages for responsive documents. *Id.* at 3–7. Respondents agreed to supplement their discovery responses but have failed to do so. *Id.* at 3.

Herc seeks an order compelling Respondents to supplement their responses to interrogatories 4, 5, 6, and 7 and requests for production 1, 5, 6, and 7, including but not limited to searching out and producing emails, text messages, or other communications that relate, in any way, to the claims in this lawsuit, the equipment fire, or the various defenses, as well as photographs and call logs showing communications from March 1, 2020 to May 1, 2020 relating to the claims and defenses in this lawsuit. *Id.* at 8–9. Respondents have not filed a response to the motion to compel, despite being provided an extension of time to do so, and the court's order setting the response deadline was sent to Respondents at their last known address provided by their former counsel in the motion to withdraw.

The court has reviewed interrogatories 4, 5, 6, and 7 and requests for production 1, 5, 6, and 7 and finds them to be within the permissible scope of discovery. Therefore, Respondents shall supplement their responses to these discovery request by no later than **April 12, 2022**.

4

Because Respondents did not fully respond to Herc's discovery requests in a timely manner, any objections they may have to the relevance or scope of the requests are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). However, the court will permit Respondents to assert any valid claim privilege in their responses to the interrogatories and document requests. Respondents are cautioned that in order to validly claim a privilege, it must be expressly asserted in response to the particular discovery request involved and served with a privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A).

Herc also requests an award against Respondents of its expenses and attorney's fees incurred in bringing the motion to compel.

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Courts have held that an award of reasonable expenses incurred is appropriate where the moving party has acted in good faith, attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under the Federal Rules of Civil Procedure. *See, e.g., Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733–34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions); *Biovail Corp. v. Mylan Labs., Inc.*, 217 F.R.D. 380, 382 (N.D.W.Va. 2003) (holding party who prevailed on motion to compel discovery responses entitled to

5

reasonable expenses where a good faith effort was made to obtain discovery and no legal authority existed for non-moving party's refusal to produce responses).

Respondents have failed to comply with their discovery obligations despite Herc's good-faith attempt to obtain full responses to its discovery requests without court intervention, and Respondents have failed to respond to the motion to compel and request for attorney's fees and expenses. It appears, at this time, that Herc is entitled to an award of expenses and attorney's fees incurred in bringing the motion to compel. However, given that Respondents are unrepresented parties, the court will allow them a final chance to respond and show cause why the court should not award Herc its reasonable expenses and attorney's fees. Accordingly, Herc shall file by **April 22, 2022**, an affidavit setting out its reasonable attorney's fees and expenses and a supportive memorandum of law. Respondents may respond by no later than **May 6, 2022**. **If Respondents fail to timely respond, the court will deem them to have no objection to the expenses and attorney's fees claimed by Herc and to have waived their right to be heard.** The Clerk of Court shall mail a copy of this order to Gilmore's Farm, Inc., Don Gilmore, Leticia Gilmore, and Billy J. Freeman at the addresses provided in Docket Entry 58.

### III. CONCLUSION

For the reasons stated herein, Herc's motion to compel [DE-56] is allowed, and the request for expenses and attorney's fees is reserved for future decision.

SO ORDERED, the 23rd day of March, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge