IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-578-BR

| | |
|---|---|
| GILMORE'S FARM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HERC RENTALS, INC., | )  ORDER |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASIA EXCAVATING SERVICE, INC., et al., | ) |
| | ) |
| Third-Party Defendants. | ) |

This matter is before the court on defendant, counterclaimant, and third-party plaintiff Herc Rentals, Inc.'s ("Herc Rentals") motion to dismiss Gilmore's Farm, Inc.'s ("Gilmore's Farm") complaint and to strike the answer of, and enter default against, Gilmore's Farm, Leticia Gilmore, Don Gilmore, Billy J. Freeman, and Asia Excavating Service, Inc. (collectively also referred to as the "non-movants"). (DE # 60.)

## I. BACKGROUND

Herc Rentals removed this diversity action to this court and moved to dismiss Gilmore's Farm's amended complaint in November 2020. (DE ## 1, 5.) It subsequently filed an answer, counterclaim, and third-party complaint. (DE # 8.) Through counsel, Gilmore's Farm filed a response to the motion to dismiss, (DE # 14), and the non-movants filed a reply to the counterclaim and answer to the third-party complaint, (DE # 17). In September 2021, the court denied Herc Rentals' motion to dismiss. (DE # 47.)

After denying Gilmore's Farm's motion to modify the scheduling order and to inspect equipment, and allowing Herc Rental's motion for a protective order, the court allowed counsel for the non-movants to withdraw in December 2021. (DE # 59.) At that time, the court ordered the individual non-movants to file a notice of self-representation or cause new counsel to file a notice of appearance and the entity non-movants to cause new counsel to file a notice of appearance, all within 21 days. (Id. at 1-2.) The court warned the non-movants:

> **A party that fails to file a notice of self-representation or cause new counsel to file a notice of appearance may be subject to sanctions, including but not limited to dismissal or default judgment. A self-represented party is responsible for being familiar and complying with all applicable rules and pending deadlines in this action.**

(Id. at 2.) The Clerk mailed a copy of this order to the non-movants' last known addresses provided by former counsel. (See docket entry accompanying DE # 59.)

Herc Rentals filed the instant motion on 14 January 2022. It served the motion and supporting memorandum on the non-movants by an overnight delivery service and by U.S. Mail to their last known addresses. (See DE # 62.) Thereafter, the court granted Herc Rentals' motion to compel (to which a response was not filed) and warned the non-movants that if they

> **fail to timely respond[ to Herc Rentals' affidavit of attorney's fees and expenses and supporting memorandum], the court will deem them to have no objection to the expenses and attorney's fees claimed by Herc and to have waived their right to be heard.**

(DE # 65, at 6.) On 25 March 2022, the court ordered the non-movants to show cause as to why Gilmore's Farm's claims against Herc Rentals should not be dismissed with prejudice; why their reply/answer should not be stricken; and why default should not be entered on Herc Rentals' claims against them. (DE # 66, at 3.) The order also stated:

> **The non-movants are warned that if they fail to timely file a response to this order, the court may dismiss Gilmore's Farm[']s] claims with prejudice,**

> **strike their reply/answer to Herc Rentals' claims; and direct the entry of default against them.**

(Id.) The Clerk mailed a copy of each of these orders to the non-movants' last known addresses. (See docket entries accompanying DE ## 65, 66.) On 21 April 2022, Herc Rentals filed its memorandum and affidavit in support of attorney's fees and expenses incurred in bringing its motion to compel. (DE # 69.)

To date, the non-movants have not responded to the order regarding notices of self-representation and of appearance; Herc Rentals' motion to dismiss; the show cause order; or Herc Rentals' attorney's fees and expenses memorandum and affidavit. The deadlines to do so have expired.

## II. DISCUSSION

The court has both inherent and express authority to dismiss a plaintiff's claims, such as those of Gilmore's Farm, with prejudice for failure to prosecute. See Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). The court's decision to do so is guided by the following factors:

> 1) the degree of personal responsibility of the part of the plaintiff; 2) the amount of prejudice to the defendant caused by the delay; 3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and 4) the effectiveness of sanctions less drastic than dismissal.

Nehme v. Khoury, No. 5:14-CV-114-FL, 2018 WL 3876579, at *3 (E.D.N.C. Aug. 15, 2018) (quoting Bauer v. C.I.R., 97 F.3d 45, 49 (4th Cir. 1996) (internal quotation marks omitted)).

Similarly, the court possesses authority to direct the entry of default on Herc Rentals' counterclaims against Gilmore's Farm and its third-party claims against the other non-movants, all for their failure to "otherwise defend." See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to . . . otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "Courts

3

have interpreted the phrase 'otherwise defend' broadly, permitting entry of default for lack of pretrial diligence, failure to appear at an adjourned trial resumption, dismissing counsel without an appointed replacement, and abandonment of an active defense." Nehme, 2018 WL 3876579, at *4 (citation omitted).

Considering the relevant factors and the history of this case, the court concludes that Herc Rentals is entitled to the requested relief. First, the failure to file notices of self-representation and appearance of counsel or respond to any of the court's orders directing a response is attributable solely to the non-movants. Second, without participation from the non-movants, the majority of the claims in this case have little chance of reaching a resolution on the merits as the non-movants are central witnesses who have failed to meaningfully participate in the discovery process. This results in protracted litigation and prejudice to Herc Rentals. Third, the non-movants have demonstrated a tendency of dilatory action in their failures to fully respond to discovery requests from Herc Rentals or respond in any fashion to recent motions and orders. Fourth, sanctions less drastic than dismissal have proven ineffective as the court has already denied the non-movants' request to inspect the equipment, granted Herc Rentals' motion for a protective order, and repeatedly afforded the non-movants additional opportunity to respond to pending motions, to no avail. Finally, the court has warned the non-movants about the consequences of their actions. Under these circumstances, the court finds it appropriate to dismiss Gilmore's Farms claims, strike the non-movants' reply and answer to Herc Rental's counterclaim and third-party complaint, and direct the entry of default. See Axxon Int'l, LLC v. GC Equip., LLC, No. 3:17-CV-429-DCK, 2019 WL 4780866, at *5-6 (W.D.N.C. Sept. 29, 2019) (directing entry of default where corporate defendant failed to retain counsel or respond to motion or court order); Nehme, 2018 WL 3876579, at *3-4 (dismissing the plaintiff's remaining

claims for his failure to file a notice of self-representation or cause new counsel to file a notice of appearance after the plaintiff had not timely or adequately responded to discovery and did not obey court orders); Kapusta v. Wings, Etc., LLC, No. 2:10-1388-MBS-BM, 2011 WL 1883033, at *1 (D.S.C. Apr. 15, 2011) (memorandum) (recommending striking answer and counterclaim and entering default where corporate defendant failed to obtain counsel and ignored warnings to do so), adopted, 2018 WL 1883029 (D.S.C. May 18, 2011).

### III. CONCLUSION

For the foregoing reasons, Herc Rentals' motion to dismiss Gilmore's Farm's complaint and to strike the answer of, and enter default against, Gilmore's Farm, Leticia Gilmore, Don Gilmore, Billy J. Freeman, and Asia Excavating Service, Inc. is ALLOWED. Gilmore's Farm's claims against Herc Rentals are DISMISSED WITH PREJUDICE, and Gilmore's Farm, Leticia Gilmore, Don Gilmore, Billy J. Freeman, and Asia Excavating Service, Inc.'s reply and answer, (DE # 17), is STRICKEN. The Clerk is DIRECTED to enter default on Herc Rentals' counterclaim and third-party claims against Gilmore's Farm, Leticia Gilmore, Don Gilmore, Billy J. Freeman, and Asia Excavating Service, Inc. Herc Rentals' third-party claims against Wellons Construction, Inc. remain.

This 16 May 2022.

_____
W. Earl Britt
Senior U.S. District Judge